■ NANCY BLAKE, Respondent, v UNITED STATES OF AMERICA, Appellant. [32 NYS3d 601]—

In an action pursuant to RPAPL article 15 for the determination of claims to real property and, in effect, for a judgment declaring that the plaintiff has absolute and unencumbered title to the subject real property and that the subject real property is not subject to any liens of the defendant, the defendant appeals from an order of the Supreme Court, Nassau County (Iannacci, J.), entered October 29, 2013, which granted the plaintiff's motion for summary judgment on the complaint, and denied the defendant's cross motion for summary judgment for a declaration that it has valid liens on the subject property.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint and substituting therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed, with costs to the defendant.

Ada Talbot owned two parcels of real property which passed into Talbot's estate upon her death in 1989. In 1991 and 1994, the Internal Revenue Service made assessments against Talbot's estate, the majority of which remained unpaid. In February 2010, the plaintiff, Talbot's granddaughter and the current owner of the properties, commenced this action against the United States of America pursuant to RPAPL article 15 for the determination of claims to the properties, and, in effect, for a judgment declaring that she has absolute and unencumbered title to the properties and that the properties are not subject to any tax liens of the defendant. In the order appealed from, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint, and denied the defendant's cross motion for summary judgment for a declaration that it has valid liens on the properties. We modify.

26 USC § 6502 (a) (1) provides, in relevant part, that "[w]here the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun . . . within 10 years after the assessment of the tax." Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that the collection period for the 1991 and 1994 tax assessments had expired.

In opposition, however, the defendant raised a triable issue of fact as to whether it properly delivered a proof of claim as to the 1991 assessment to the executor of Talbot's estate (see SCPA 1803 [2]), which tolled the limitations period (see Matter of Feinberg, 18 NY2d 499, 507-508 [1966]). In addition, the defendant raised a triable issue of fact as to whether the collection period as to both assessments was tolled while substantial assets of Talbot's estate were in the custody and control of the Surrogate's Court (see 26 USC § 6503 [b]; United States v Silverman, 621 F2d 961, 967 [9th Cir 1980]).

Accordingly, while the defendant's cross motion for summary judgment for a declaration that it has valid liens on the subject property was properly denied, the plaintiff's motion for summary judgment on the complaint also should have been denied. Hall, J.P., Roman, Cohen and Connolly, JJ., concur.

Cross motion dated December 16, 2014, by the respondent on an appeal from an order of the Supreme Court, Nassau County, entered October 29, 2013, inter alia, to strike stated portions of the appellant's brief on the ground that they improperly raise issues for the first time on appeal, and motion by the respondent dated May 15, 2015, to strike stated portions of the appel-

lant's reply brief. By decision and order on motion of this Court dated January 21, 2015, the subject branch of the cross motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof. By decision and order on motion of this Court dated June 16, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion and the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the cross motion which is to strike stated portions of the appellant's brief on the ground that they improperly raise issues for the first time on appeal is granted, and the following portions of the appellant's brief are stricken and have not been considered in the determination of the appeal:

(1) page 5, the second through fourth sentences of the first full paragraph, and the sentence beginning with the words "On November 30, 1994, the";

(2) page 6, the remainder of the sentence starting on page 5, and the sentence immediately following that sentence;

(3) page 37, the first full paragraph, and so much of the second paragraph as appears on page 37;

(4) page 38, the remainder of the second paragraph starting on page 37, and footnote 13; and it is further,

Ordered that the motion is granted and the following portions of the reply brief are stricken and have not been considered in the determination of the appeal:

(1) page 6, the words "The notice and demand" and everything subsequent to that on page 6;

(2) page 7, entire page;

(3) page 11, first full paragraph, and so much of the second paragraph as appears on page 11;

(4) page 12, the remainder of the second paragraph starting on page 11;

(5) page 20, first full paragraph, so much of the second paragraph as appears on page 20, and footnote 6;

(6) page 21, entire page;

(7) page 22, entire page;

(8) page 23, the sentence beginning with the words "For example";

(9) page 24, the remainder of the sentence starting on page 23, and the sentence immediately following that sentence.